**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JAMES A. CUTSHALL, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   v.<br><br>HUMACYTE, INC., LAURA E. NIKLASON, DALE A. SANDER, and HEATHER PRICHARD,<br><br>      Defendants. | Case No. 1:24-cv-00954-WO-JEP<br><br>Hon. William L. Osteen, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JAMES A. CUTSHALL FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Plaintiff James A. Cutshall ("Cutshall" or "Plaintiff") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Cutshall as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Cutshall's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that purchased or otherwise acquired Humacyte, Inc. ("Humacyte" or the "Company") securities between May 10, 2024 and October 17, 2024, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of

1

Civil Procedure ("Rule 23") is presumed to be the "most adequate plaintiff."

Cutshall believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Cutshall satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Cutshall respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Cutshall's selection of GPM as lead counsel for the class should be approved because GPM has substantial expertise in securities class action litigation and the has the experience and resources to efficiently prosecute this action.

## II.   FACTUAL BACKGROUND

Humacyte and its consolidated subsidiaries engage in the development and manufacture of off-the-shelf, implantable, and bioengineered human tissues. The Company is currently engaged in engineering and manufacturing Acellular Tissue Engineered Vessel

2

("ATEV"), also known as "Human Acellular Vessel," which is a lab-grown blood vessel implant that can act as a replacement for an injured or damaged blood vessel. As of the filing of the complaint in this action, Humacyte had not generated revenue from the sale of any products.

In December 2023, the Company filed a Biologics License Application ("BLA") with the Food and Drug Administration ("FDA") to use ATEV in urgent arterial repair following extremity vascular trauma and it is not feasible to use a synthetic graft or autologous vein. In February 2024, the FDA granted Priority Review with a Prescription Drug User Fee Act ("PDUFA") date of August 10, 2024.

The complaint filed in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's Durham, North Carolina facility failed to comply with good manufacturing practices, including quality assurance and microbial testing; (2) that the FDA's review of the BLA would be delayed while Humacyte remediated these deficiencies; and (3) that, as a result, there was a substantial risk to FDA approval of ATEV for vascular

3

trauma; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 9, 2024, after the market closed, Humacyte issued a press release announcing that the FDA "will require additional time to complete its review of its Biologic License Application (BLA) for the acellular tissue engineered vessel (ATEV) in the vascular trauma indication." The press release disclosed in part, that, "[d]uring the course of the BLA review, the FDA has conducted inspections of our manufacturing facilities and clinical sites and has actively engaged with us in multiple discussions regarding our BLA filing[.]" On this news, the Company's stock price declined $1.29, or 16.4%, to close at $6.62 per share on August 12, 2024, on unusually heavy volume.

On October 17, 2024, during market hours, the FDA released a Form 483 concerning Humacyte's Durham, North Carolina facility, which revealed a number of violations, including "no microbial quality assurance," "no microbial testing," and inadequate "quality oversight."

On this news, the Company's stock price declined $0.95, or 16.35%, to close at $4.86 per share on October 17, 2024, on unusually heavy volume.

4

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class members have suffered significant losses and damages.

## III. QUESTIONS PRESENTED

1. Whether Plaintiff James A. Cutshall should be appointed as lead plaintiff on behalf of the putative class.

2. Whether Cutshall's selection of Glancy Prongay & Murray LLP should be approved as lead counsel for the putative class.

## IV. ARGUMENT

### A. Cutshall Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—

5

*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). As set forth below, Cutshall satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Cutshall has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Cutshall is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Cutshall respectfully submits that he should be appointed lead plaintiff. *See Hirtenstein v. Cempra, Inc.*, No. 16-cv-1303, 2017

6

WL 2874588, at *5 (M.D.N.C. July 5, 2017)(appointing lead plaintiff pursuant to the PSLRA).

### 1. Cutshall Filed the Complaint and a Timely Motion

Cutshall filed the complaint in this action, and has made a timely motion in response to a PSLRA early notice. On November 18, 2024, pursuant to the PSLRA, notice of the pendency of this case was published announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Garth Spencer ("Spencer Decl."), Ex. A. Therefore, Cutshall had sixty days (*i.e.*, until January 17, 2025), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Humacyte securities Cutshall is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Cutshall's PSLRA certification, Cutshall attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Dkt. No. 1 at 31-32. Accordingly, Cutshall satisfies the first PSLRA requirement to be appointed lead plaintiff.

7

### 2. Cutshall Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Cutshall believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Cutshall purchased Humacyte securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $16,624.52. *See* Spencer Decl., Ex. B. To the best of his knowledge, Cutshall is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Cutshall believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Cutshall Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of

8

Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). At the lead plaintiff stage of the litigation, a movant "need only make a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003); *see also McIntyre v. Chelsea Therapeutics Int'l, Ltd.*, No. 23-cv-213, 2012 WL 3962522, at *2 (W.D.N.C. Aug. 16, 2012).

### a)    Cutshall's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 99 (M.D.N.C. 1993); *accord Cree*, 219 F.R.D. at 372. Rule 23 does not require the

9

lead plaintiff to be identically situated with all class members. *Simpson, 149 F.R.D. at 99.*

Cutshall's claims are typical of the claims asserted by the proposed class. Like all members of the class, Cutshall alleges that Defendants' material misstatements and omissions concerning Humacyte's business, operations, and financial prospects violated the federal securities laws. Cutshall, like all of the members of the class, purchased Humacyte securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Cutshall's interests and claims are "typical" of the interests and claims of the class.

### b) Cutshall Is an Adequate Representative

The adequacy requirement is satisfied where (1) the proposed lead plaintiff and his "attorney are capable of pursuing the litigation" and (2) "neither has a conflict of interest with the other class members." *Cree*, 219 F.R.D. at 372.

Cutshall has demonstrated this adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Spencer Decl., Ex. C (GPM firm résumé); Spencer Decl., Ex. B (Cutshall financial interest analysis). Cutshall is also not aware of any conflict between

10

his claims and those asserted on behalf of the class. Accordingly, Cutshall should be appointed as lead plaintiff.

**B.  The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Cutshall has selected GPM as lead counsel for the class. The firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. As reflected by the firm's résumé, *see* Spencer Decl., Ex. C, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Cutshall's selection of counsel.

**V.  CONCLUSION**

For the foregoing reasons, Cutshall respectfully request that the Court grant his Motion and enter an Order: (1) appointing Cutshall as lead plaintiff; (2) approving Cutshall's selection of Glancy Prongay & Murray LLP as lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

11

Respectfully submitted,

Dated:    January 17, 2025         /s/ *Garth Spencer*

**GLANCY PRONGAY & MURRAY LLP**

Charles H. Linehan*
   CLinehan@glancylaw.com
Garth Spencer (NCSB# 60142)
   GSpencer@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for James A. Cutshall and
Proposed Lead Counsel for the Class*


**LAW OFFICES OF HOWARD G. SMITH**

Howard G. Smith*
   HSmith@howardsmithlaw.com
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

* LR 83.1(d) special appearance


**CERTIFICATION OF WORD COUNT**

I hereby certify that this brief complies with the Local Civil Rule 7.3(d) on the limitations on the length of briefs. The body of the brief, headings, and footnotes of this brief contains 2,214 words.

/s/ *Garth Spencer*
Garth Spencer

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, I served the foregoing Memorandum of Law in Support of Motion of James A. Cutshall for Appointment as Lead Plaintiff and Approval of Counsel on all counsel of record via the CM/ECF system.

/s/ Garth Spencer
Garth Spencer

13