**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| JAMES A. CUTSHALL, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>HUMACYTE, INC., LAURA E. NIKLASON, DALE A. SANDER, and HEATHER PRICHARD,<br><br>     Defendants. | Case No.: 1:24-cv-00954-WO-JEP<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF FREDERICK FOOTE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

Movant Frederick Foote ("Movant" or "Mr. Foote") respectfully submits this memorandum in support of his motion for: (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(b) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approval of his selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Tin Fulton Walker & Owen PLLC ("TFWO") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

This is a securities class action alleging that Humacyte, Inc. ("Humacyte" or the "Company") and its most senior executives (together with Humacyte, the "Defendants") made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a), 78t(a)), and U.S. Securities and Exchange Commission Rules 10b-5 (17 C.F.R. § 240.10b-5) and 14a-9 (17 C.F.R. § 240.14a-9) promulgated thereunder.

- 1 -

Durham-based Humacyte engineers and manufactures Acellular Tissue Engineered Vessel ("ATEV"), also known as "Human Acellular Vessel," a lab-grown blood vessel implant that can act as a replacement for an injured or damaged blood vessel. In December 2023, the Company filed a Biologics License Application ("BLA") with the Food and Drug Administration ("FDA") to use ATEV in urgent arterial repair following extremity vascular trauma where it is not feasible to use a synthetic graft or autologous vein. In February 2024, the FDA granted Priority Review with a Prescription Drug User Fee Act ("PDUFA") date of August 10, 2024.

The action alleges that between May 10, 2024 and October 17, 2024, inclusive (the "Class Period"), Defendants misrepresented and failed to disclose to investors that Humacyte's Durham, North Carolina facility had significant manufacturing compliance issues, including deficiencies in quality assurance and microbial testing. The truth allegedly began to emerge on August 9, 2024, when the Company announced that the FDA would require additional time to complete its review of its BLA for the ATEV in the vascular trauma indication. Then, on October 17, 2024, the FDA issued a Form 483 detailing multiple violations at the Durham facility. On news

of these disclosures, the Company's stock price immediately declined, injuring Mr. Foote and other Class members.

Mr. Foote respectfully contends that, under the framework established by the PLSRA and Fed. R. Civ. P. 23, he should be appointed as lead plaintiff in the action. The PSLRA sets out the procedure for the selection of a lead plaintiff in securities class actions. See 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(i). A court must presume that the "most adequate plaintiff" to represent the interests of the class members is the movant that has "made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id*. § 78u-4(a)(3)(B)(iii)(I). Mr. Foote believes that he has the largest financial interest in this action by virtue of his substantial investments in Humacyte throughout the Class Period. See Certification and Loss Chart, Declaration of Gagan Gupta ("Gupta Decl."), Exhibits ("Ex.") A and B, submitted herewith. As such, he submits that he is the "most adequate plaintiff" under the PSLRA's analysis.

In tandem with asserting the largest financial interest in this litigation, Mr. Foote also contends that he meets the applicable requirements of Rule 23 because his claims are

Case 1:24-cv-00954-TDS-JEP    Document 12    Filed 01/17/25    Page 4 of 14

typical of absent class members and because he will fairly and adequately represent the interests of the Class. Movant is President and CEO of an industrial and commercial engineering firm who has substantial investment experience. Movant fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. <u>See</u> Ex. C. Given his financial interest, Movant has both the incentive and the ability to supervise and monitor counsel.

Movant has further demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors. <u>See</u> Gupta Decl., Ex. E at 10. Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions.

Accordingly, based on Movant's significant financial interest and his commitment and ability to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II. QUESTIONS PRESENTED

1. Whether the Court should appoint Movant as Lead Plaintiff.

2. Whether the Court should approve Movant's selection of Hagens Berman as Lead Counsel and TFWO as Liaison Counsel for the Class.

## III. ARGUMENT

### A. Movant Should be Appointed Lead Plaintiff

#### 1. The procedural requirements pursuant to the PSLRA.

The PSLRA outlines a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action. See 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff. See 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the Action published a notice on *Business Wire* on November 18, 2024. See Gupta Decl., Exhibit D. This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be January 17, 2025. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether

or not they have previously filed a complaint in the action. <u>See</u> 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant or movants that the Court determines to be the most capable of adequately representing the interests of Class members. <u>See</u> 15 U.S.C. §78u- 4(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . . .
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

**B. Movant is "The Most Adequate Plaintiff"**

**1. Movant has timely moved to be appointed Lead Plaintiff.**

Movant moves this Court to be appointed Lead Plaintiff and has timely filed the instant Motion to be appointed Lead

Plaintiff within the 60-day time period requirement. The plaintiff in the Action published notice on *Business Wire*, a national business-oriented wire service, on November 18, 2024. Accordingly, Movant meets the requirements of 15 U.S.C. § 78u-4(a)(3)(A) and (B) by having filed his motion by January 17, 2025.

### 2. Movant has the largest known financial interest.

Courts in this district and others in the Fourth Circuit often assess financial interest based upon the largest reported loss. See*, e.g., Johnson v. Pozen Inc*., 2008 WL 474334, at *2 & n.3 (M.D.N.C. Feb. 15, 2008); *Ollila v. Babcock & Wilcox Enterprises*, Inc., 253 F. Supp. 3d 827, 830 (W.D.N.C. 2017). As indicated in his Certification and loss chart, Movant suffered approximately $186,479.77 in losses on purchases of Humacyte securities during the Class Period. See Gupta Decl., Exs. A, B. To the best of his counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Movant satisfies the PSLRA's "largest financial interest" requirement.

### 3. Movant satisfies the requirements of Rule 23.

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisfy] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a

movant "need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed." *Fisher v. Fennec Pharms. Inc*., 2022 WL 1462822 at *2 (M.D.N.C. May 9, 2022).

Movant's claims are typical of the claims of other purchasers of Humacyte securities. "The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Id*. Here, Movant sustained injuries virtually identical to other Class members and his claims are based on the same course of conduct because, like all other Class members, Mr. Foote: (1) purchased Humacyte securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was damaged thereby. As such, Mr. Foote satisfies the typicality requirement. See *In re Cree, Inc., Sec. Litig*., 219 F.R.D. 369, 372 (M.D.N.C. 2003) ("The typicality requirement of the rule requires that a lead plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues.").

Movant similarly satisfies the adequacy requirement. Mr. Foote has shown his willingness to represent the Class by signing a sworn Certification detailing his investments in Humacyte

securities during the Class Period and confirming his willingness to discharge the obligations of class representatives in this Action. See Gupta Decl., Ex. A.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resume of proposed Lead Counsel, Hagens Berman, is attached as Exhibit E to the Gupta Declaration and the firm resume of proposed Liaison Counsel, TFWO, is attached as Exhibit F to the Gupta Declaration.

Mr. Foote's interests are clearly aligned to those of the other members of the Class. Not only is there no evidence of antagonism between Movant and the other Class members, but Movant has a significant, compelling interest in prosecuting the Action to a successful conclusion based upon his very large financial losses suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with his identical interests with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class.

In sum, because of Movant's common interests with the Class members, it is clear he is motivated and able to vigorously pursue this Action, he has selected competent counsel, and he is adequate. See *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. at 372 ("Adequate representation requires a finding that the purported class

representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members.").

**c. The Court Should Approve Movant's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the Class. The firm has not only prosecuted complex securities fraud actions but has also successfully prosecuted many other types of complex class actions as lead and/or class counsel. See Gupta Decl., Ex. E. This Court may be assured that in the event the Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation. Movant also requests that the Court approve his selection of Liaison Counsel. TFWO has a well-respected reputation for practice in this Court, including serving as Liaison Counsel in other securities class actions in this district. See Gupta Decl., Ex. F.  See also*, Fisher v. Fennec Pharms. Inc*., 2022 WL 1462822, at *3 (appointing firms lead counsel and liaison counsel upon findings that (i) movant's selection of

- 10 -

counsel was reasonable and (ii) both firms are capable of handling the litigation and representing the class).

**IV.   CONCLUSION**

For all of the foregoing reasons, Movant respectfully requests that this Court enter an order: (1) appointing him to serve as Lead Plaintiff in this Action; (2) approving his selection of Lead and Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: January 17, 2025    Respectfully submitted,

TIN FULTON WALKER & OWEN PLLC

By:  /s/ Gagan Gupta
    Gagan Gupta (Bar No. 53119)
119 Orange Street
Durham, NC 27701
Telephone:  (919) 307-8400
Email:  ggupta@tinfulton.com

*Local Counsel for Proposed Lead*
*Plaintiff Frederick Foote*

Lucas E. Gilmore (Notice of Special
Appearance forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email:  lucasg@hbsslaw.com

*Counsel for Proposed Lead*
*Plaintiff Frederick Foote*

- 11 -

# WORD COUNT COMPLIANCE CERTIFICATE

I, Gagan Gupta, certify that this brief complies with Local Civil Rule 7.3(d).

I further certify that, in preparation of this brief, I used Microsoft Word, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word court.

I further certify that the above-referenced brief contains 2,149 words.

/s/ Gagan Gupta
_____
GAGAN GUPTA

## CERTIFICATE OF SERVICE

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Gagan Gupta*
GAGAN GUPTA