| | |
|---|---|
| JAMES A. CUTSHALL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HUMACYTE, INC., LAURA E. NIKLASON, DALE A. SANDER, and HEATHER PRICHARD,<br><br>Defendants. | Case No. 1:24-cv-00954-WO-JEP |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MATTHEW COGNETTI AND DAMION HOPWOOD FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

QUESTIONS PRESENTED ........................................................................................ 5

ARGUMENT ................................................................................................................ 5

    I.       COGNETTI AND HOPWOOD SHOULD BE APPOINTED CO-LEAD
           PLAINTIFFS ................................................................................................. 5

           A.     Cognetti and Hopwood Are Willing to Serve as Class
                  Representatives and Have Timely Filed This Motion to Be
                  Appointed Co-Lead Plaintiffs. .......................................................... 6

           B.     Cognetti and Hopwood Have the "Largest Financial Interest" in the
                  Action. ............................................................................................... 7

           C.     Cognetti and Hopwood Otherwise Satisfy the Requirements of Rule
                  23. ...................................................................................................... 8

           D.     Cognetti and Hopwood Will Fairly and Adequately Represent the
                  Interests of the Class and Are Not Subject to Unique Defenses. ...... 13

    II.      CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE
           APPROVED ................................................................................................. 13

CONCLUSION .......................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ............................................................... 11

*Chamblee v. Terraform Power, Inc.*,
   No. CV PX 16-981, 2016 WL 4039178 (D. Md. July 28, 2016)................................. 9

*Hirtenstein v. Cempra, Inc.*,
   No. 1:16CV1303, 2017 WL 2874588 (M.D.N.C. July 5, 2017) ........................ 8, 9, 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15,
   2017) ........................................................................................................ 12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)................................................................... 7, 11

*In re Comverse Tech., Inc. Sec. Litig.*,
   No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2,
   2007) ........................................................................................................... 7

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................... 7

*Janbay v. Canadian Solar, Inc.*,
   272 F.R.D. 113 (S.D.N.Y. 2010) ............................................................... 9

*Johnson v. Pozen Inc.*,
   No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ...................... 8, 9, 10

*Lax v. First Merchants Acceptance Corp.*,
   Nos. 97 C 2715 et al., 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6,
   1997) ....................................................................................................... 7, 8

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v.*
*Emergent Biosolutions Inc.*,
   No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021) ................... 7, 11, 12

*Robb v. Fitbit Inc.*,
   No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016)....................... 12

*Tchatchou v. India Globalization Cap., Inc.*,
   No. 8:18-CV-03396-PWG, 2019 WL 1004591 (D. Md. Feb. 28, 2019)........... 7, 11, 12

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i)................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)......................................................................... 5, 7, 8, 13

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)........................................................................ 1, 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................... 11

Exchange Act...................................................................................................... 1, 10

Private Securities Litigation Reform Act of 1995 ....................................... 1, 6, 7, 8

Securities Exchange Act of 1934 .............................................................................. 7

**Rules**

Fed. R. Civ. P. 23.............................................................................................. 9, 10

Case 1:24-cv-00954-TDS-JEP    Document 15    Filed 01/17/25    Page 4 of 22

Matthew Cognetti ("Cognetti") and Damion Hopwood ("Hopwood") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation R\eform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Cognetti and Hopwood as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Humacyte, Inc. ("Humacyte" or the "Company") securities between May 10, 2024 and October 17, 2024, inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Schiller & Schiller, PLLC ("Schiller & Schiller") as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act. Humacyte investors, including Cognetti and Hopwood, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Humacyte's share price to fall sharply, damaging Cognetti, Hopwood, and other Humacyte investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Cognetti and Hopwood collectively

1

purchased or otherwise acquired 3,801 shares of Humacyte common stock and 723 Humacyte options contracts, expended $47,553 on these transactions, retained 3,800 of their shares of Humacyte common stock and one Humacyte options contract, and as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $21,436 in connection with their Class Period transactions in Humacyte securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibits ("Exs.") A-B. Accordingly, Cognetti and Hopwood believe that they have the largest financial interest in the relief sought in this Action. Beyond their considerable financial interest, Cognetti and Hopwood also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute the Action on behalf of the Class, Cognetti and Hopwood have selected Pomerantz as Lead Counsel and Schiller & Schiller as Liaison Counsel for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions and have collectively prosecuted numerous successful securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Cognetti and Hopwood respectfully request that the Court enter an order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel and Schiller & Schiller as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Humacyte and its consolidated subsidiaries engage in the development and manufacture of off-the-shelf, implantable, and bioengineered human tissues. Dkt. No. 1 ¶ 2. The Company is currently engaged in engineering and manufacturing Acellular Tissue Engineered Vessel ("ATEV"), also known as "Human Acellular Vessel," which is a lab-grown blood vessel implant that can act as a replacement for an injured or damaged blood vessel. *Id.* The Company has not generated revenue from the sale of any products to date. *Id.*

In December 2023, the Company filed a Biologics License Application ("BLA") with the Food and Drug Administration ("FDA") to use ATEV in urgent arterial repair following extremity vascular trauma and where it is not feasible to use a synthetic graft or autologous vein. *Id.* ¶ 3. In February 2024, the FDA granted Priority Review with a Prescription Drug User Fee Act date of August 10, 2024. *Id.*

On August 9, 2024, after the market closed, Humacyte issued a press release announcing that the FDA "will require additional time to complete its review of its Biologic License Application (BLA) for the acellular tissue engineered vessel (ATEV) in the vascular trauma indication." *Id.* ¶ 4. The press release disclosed in part, that, "*[d]uring the course of the BLA review, the FDA has conducted inspections of our manufacturing facilities and clinical sites and has actively engaged with us in multiple discussions regarding our BLA filing*[.]" *Id.*

On this news, the Company's stock price declined $1.29, or 16.4%, to close at $6.62

3

per share on August 12, 2024, on unusually heavy volume. *Id.* ¶ 5.

On October 17, 2024, during market hours, the FDA released a Form 483 concerning Humacyte's Durham, North Carolina facility, which revealed a number of violations, including "***no microbial quality assurance***," "***no microbial testing***," and inadequate "***quality oversight***." *Id.* ¶ 6.

On this news, the Company's stock price declined $0.95, or 16.35%, to close at $4.86 per share on October 17, 2024, on unusually heavy volume. *Id.* ¶ 7.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 8. Specifically, Defendants failed to disclose to investors: (1) that the Company's Durham, North Carolina facility failed to comply with good manufacturing practices, including quality assurance and microbial testing; (2) that the FDA's review of the BLA would be delayed while Humacyte remediated these deficiencies; (3) that, as a result, there was a substantial risk to FDA approval of ATEV for vascular trauma; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Cognetti, Hopwood, and other Class members have suffered significant losses and damages. *See id.* ¶ 9.

4

## QUESTIONS PRESENTED

1. Whether Cognetti and Hopwood should be appointed Co-Lead Plaintiffs on behalf of the Class; and

2. Whether Pomerantz and Schiller & Schiller should be appointed Lead Counsel and Liaison Counsel, respectively, for the Class.

## ARGUMENT

## I. COGNETTI AND HOPWOOD SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Cognetti and Hopwood should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in this Action to their knowledge, and otherwise strongly satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

5

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Cognetti and Hopwood satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### A. Cognetti and Hopwood Are Willing to Serve as Class Representatives and Have Timely Filed This Motion to Be Appointed Co-Lead Plaintiffs.

On November 18, 2024, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Humacyte and other defendants, and advising investors in Humacyte securities that they had 60 days from the date of the Notice's publication—*i.e.*, until January 17, 2025—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. C.

Cognetti and Hopwood have filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as

6

representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Cognetti and Hopwood satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

**B.     Cognetti and Hopwood Have the "Largest Financial Interest" in the Action.**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Cognetti and Hopwood have the largest financial interest of any Humacyte investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[1] these so-called *Lax* factors have been adopted and applied by courts in the Fourth Circuit. *See, e.g.*, *Tchatchou v. India Globalization Cap., Inc.*, No. 8:18-CV-03396-PWG, 2019 WL 1004591, at *4 (D. Md. Feb. 28, 2019); *see also Palm Tran, Inc. -*

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

*Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-1189, 2021 WL 6072812, at *4 (D. Md. Dec. 23, 2021) ("In the absence of a statutory directive, many courts have applied a four-factor test (the *Lax* factors)[.]").  Of the *Lax* factors, courts in this District tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Johnson v. Pozen Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 n.3 (M.D.N.C. Feb. 15, 2008) (equating financial interest with monetary loss); *Hirtenstein v. Cempra, Inc.*, No. 1:16CV1303, 2017 WL 2874588, at *3-4 (M.D.N.C. July 5, 2017) (same).

During the Class Period, Cognetti and Hopwood collectively: (1) purchased or otherwise acquired 3,801 shares of Humacyte common stock and 723 Humacyte options contracts; (2) expended $47,553 on their transactions in Humacyte securities; (3) retained 3,800 of their shares of Humacyte common stock and one Humacyte options contract; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $21,436 in connection with their Class Period transactions in Humacyte securities.  *See* Lieberman Decl., Exs. A-B.  To the extent that Cognetti and Hopwood possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Cognetti and Hopwood Otherwise Satisfy the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."

Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether lead plaintiff movants satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *See Hirtenstein*, 2017 WL 2874588, at *4; *Chamblee v. Terraform Power, Inc.*, No. CV PX 16-981, 2016 WL 4039178, at *2 (D. Md. July 28, 2016). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Cognetti and Hopwood. *See* Dkt. No. 1 ¶¶ 38, 41.

"The typicality requirement of the rule requires that a Lead Plaintiff suffer the same injuries as the class as a result of the defendant's conduct and has claims based on the same legal issues." *Johnson*, 2008 WL 474334, at *2. "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113,

9

120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Cognetti and Hopwood's claims are typical of those of the Class. Cognetti and Hopwood allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Humacyte, or by omitting to state material facts necessary to make the statements they did make not misleading. Cognetti and Hopwood, like other Class members, purchased or otherwise acquired Humacyte securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Humacyte's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Johnson*, 2008 WL 474334, at *2; *see also Hirtenstein*, 2017 WL 2874588, at *4 (same).

Cognetti and Hopwood are adequate representatives for the Class. As set forth in greater detail below, in Pomerantz and Schiller & Schiller, Cognetti and Hopwood have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Schiller &

10

Schiller to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and Schiller & Schiller, Cognetti and Hopwood are also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action.  There is no evidence of antagonism or conflict between Cognetti and Hopwood's interests and those of the Class.  Moreover, Cognetti and Hopwood have each submitted a sworn Certification declaring their respective commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and Cognetti and Hopwood's significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, Cognetti and Hopwood constitute an appropriate movant duo of the type routinely appointed to serve as co-lead plaintiffs.  *See, e.g.*, *Palm Tran*, 2021 WL 6072812, at *5 (appointing movant duo, finding "[n]ot having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery" (internal quotation marks omitted)); *Tchatchou*, 2019 WL 1004591, at *7-9 (appointing group of seven as lead plaintiff under the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *Cendant*, 264 F.3d at 266 ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

11

Cognetti and Hopwood likewise have demonstrated their adequacy because they are a small and cohesive movant duo who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D. Courts routinely appoint more than one investor as co-lead plaintiffs under the PSLRA in such circumstances. *See, e.g.*, *Palm Tran*, 2021 WL 6072812, at *5-6 (appointing two investors as co-lead plaintiffs under the PSLRA where they "submitted a joint declaration attesting to their discussions with one another and with counsel regarding their joint motion, their understanding of their responsibilities, and their readiness to take on those responsibilities"); *Tchatchou*, 2019 WL 1004591, at *8 (appointing investor group that submitted a declaration that "signals to [the court] that [the group]'s members are prepared to play an active role in this litigation and to monitor the actions of their selected counsel"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4, *7 (N.D. Cal. May 10, 2016) (appointing group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities

12

of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus").

### D. Cognetti and Hopwood Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.

The presumption favoring Cognetti and Hopwood's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Cognetti and Hopwood's ability and desire to fairly and adequately represent the Class has been discussed above.  Cognetti and Hopwood are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Cognetti and Hopwood should be appointed Co-Lead Plaintiffs for the Class.

## II.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Hirtenstein*, 2017 WL 2874588, at *5 (approving lead plaintiff's selection of counsel); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("[A] district court should approve plaintiff's

13

choice of lead counsel based solely on that counsel's competence, experience, and resources[.]"); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Cognetti and Hopwood have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf

14

of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

Schiller & Schiller is also well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Schiller & Schiller maintains an office in North Carolina, where the Action and this Court is situated, and the firm specializes in shareholder class action matters, among other practice areas. *See id.*, Ex. F. In addition, Schiller & Schiller has extensive familiarity with the Local Civil Rules and practice norms of this District. *See id.*

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Cognetti and Hopwood's choice of counsel, with Pomerantz as Lead Counsel and Schiller & Schiller as Liaison Counsel, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Cognetti and Hopwood's selection of Pomerantz as Lead Counsel and Schiller & Schiller as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Cognetti and Hopwood respectfully request that the Court issue an Order: (1) appointing Cognetti and Hopwood as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Schiller & Schiller as Liaison Counsel for the Class.

Dated: January 17, 2025                     Respectfully submitted,

**SCHILLER & SCHILLER, PLLC**

15

*/s/ David G. Schiller*
David G. Schiller (NC Bar # 26713)
304 East Jones Street
Raleigh, North Carolina 27601
Telephone: (919) 789-4677
Facsimile:  (919) 789-4469
david@schillerfirm.com

*Counsel for Co-Lead Plaintiff Movants*
*Matthew Cognetti and Damion Hopwood and*
*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants*
*Matthew Cognetti and Damion Hopwood and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ &**
**GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff*
*Movants Matthew Cognetti and Damion*
*Hopwood*

16

## CERTIFICATE OF WORD COUNT

PURSUANT TO LR 7.3(d)(1), I hereby certify that this brief contains 3,859 words as counted by Microsoft Word, and therefore complies with the word count limits set out in LR 7.3(d)(1). This brief was prepared in 13-point Times New Roman font.

*/s/ David G. Schiller*
David G. Schiller

17

# CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ David G. Schiller*
David G. Schiller

18