IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES A. CUTSHALL, Individually and on Behalf of all Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HUMACYTE, INC., LAURA E. NIKLASON, DALE A. SANDER, and HEATHER PRICHARD, | ) ) ) ) | 1:24-cv-954 |
| Defendants. | ) ) ) | |
| ***************************** | ) | |
| FREDERICK FOOTE, MATTHEW COGNETTI, and DAMION HOPWOOD, | ) ) ) | |
| Movants. | ) | |

**STIPULATION AND ORDER APPOINTING CO-LEAD PLAINTIFFS
AND APPROVING SELECTION OF CO-LEAD COUNSEL**

This matter comes before the court upon the following

pleadings, Motion of Frederick Foote to Appoint Lead Plaintiff and

Approve Selection of Lead Counsel, (Doc. 11), Notice of Motion and

Motion of Matthew Cognetti and Damion Hopwood for Appointment as

Co-Lead Plaintiffs and Approval of Selection of Counsel, (Doc.

14), and Stipulation, (Doc. 17). Plaintiffs Frederick Foote

("Foote") Matthew Cognetti ("Cognetti") and Damion Hopwood

("Hopwood") have filed an agreed upon stipulation that they serve

as co-lead Plaintiffs and jointly approve of the selection of co-

lead counsel. Having considered the motions and the Parties'
stipulation, this court finds the motions should be granted.

WHEREAS, on November 18, 2024, James A. Cutshall ("Cutshall")
commenced the above-captioned action (the "Action"), alleging
violations of the federal securities laws on behalf of a putative
class (the "Class") consisting of investors in the securities of
Humacyte, Inc. ("Humacyte") (see Doc. 1);

WHEREAS, as a putative class action alleging violations of
the federal securities laws, this Action is governed by the
Private Securities Litigation Reform Act of 1995 (the "PSLRA"),
which provides, in relevant part, that any putative Class member
may move for appointment as Lead Plaintiff in the Action within
60 days of publication of notice of the pendency of the Action;
here, on or before January 17, 2025 (see 15 U.S.C. § 78u-
(a)(3)(B) (iii)(I)(aa));

WHEREAS, on January 17, 2025, three motions were filed
seeking appointment as Lead Plaintiff pursuant to the PSLRA by
members of the putative Class: (1) Frederick Foote ("Foote")
(Doc. 11), alleging a loss of approximately $186,479.77 (see
Doc. 12 at 7); (2) Matthew Cognetti ("Cognetti") and Damion
Hopwood ("Hopwood") (Doc. 14), alleging a collective loss of
approximately $21,436 (see Doc. 15 at 2, 8); and (3) Cutshall

(Doc. 7), alleging a loss of $16,624.52 (see Doc. 8 at 8);

WHEREAS, on January 24, 2025, Cutshall filed a notice of withdrawal of his motion (Doc. 16);

WHEREAS, no other putative Class member has filed a motion seeking appointment as Lead Plaintiff in the Action or otherwise opposes the appointment of Foote, Cognetti, and Hopwood as Lead Plaintiffs in the Action;

WHEREAS, the PSLRA provides, inter alia, that the most adequate plaintiff to serve as Lead Plaintiff is, in the determination of the Court, the "person or group of persons" that has the largest financial interest in the relief sought by the class and otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I));

WHEREAS, the PSLRA also provides that, subject to the approval of the Court, the most adequate plaintiff will select and retain counsel to represent the class (see 15 U.S.C. § 78u-4(a)(3)(B)(v));

WHEREAS, Foote, Cognetti, and Hopwood have each provided a sworn Certification pursuant to the PSLRA in support of their respective applications for Lead Plaintiff appointment, setting forth, inter alia, their transactions in Humacyte securities (see

- 3 -

Docs. 13-1, 15-3);

WHEREAS, Foote, Cognetti, and Hopwood, each having alleged significant losses in connection with the fraud alleged in the Action, all have a significant financial interest in the outcome of this litigation;

WHEREAS, Foote, Cognetti, and Hopwood are also qualified to serve as co-lead Plaintiffs in this case given, among other things, their professional and educational backgrounds as described in the declarations submitted in support of their respective motions (see Docs. 13-3, 15-5);

WHEREAS, having reviewed one another's submissions to the Court, Foote, Cognetti, and Hopwood believe that they each satisfy the typicality and adequacy requirements of Rule 23;

WHEREAS, having considered the arguments made in their respective submissions to the Court, Foote, Cognetti, and Hopwood have decided that it is in the best interests of the Class to join together as co-lead Plaintiffs in that it will provide broader representation to Class members, allow their counsel to pool their resources to immediately and efficiently commence prosecution of the Action, and avoid further delay associated with a protracted dispute on the appointment of lead plaintiff(s);

- 4 -

WHEREAS, courts in the Fourth Circuit, including in this District specifically, and around the country have endorsed stipulations for co-lead plaintiff appointment among competing lead plaintiff movants as promoting the statutory purposes of the PSLRA, and have permitted independent lead plaintiff movants to join together under similar circumstances. See, e.g., Maurer v. Argos Therapeutics Inc., et al., No. 1:17-cv-00216-TDS-LPA (M.D.N.C.), Dkt. No. 26 (approving stipulation of competing lead plaintiff movants to serve as co-lead plaintiffs and approving their selection of co-lead counsel); In re Altimmune, Inc. Sec. Litig., No. 8:24- cv-01315-ABA (D. Md.), Dkt. No. 22 (same); In re Grab Holdings Ltd. Sec. Litig., No. 1:22-cv-02189-VM (S.D.N.Y.), Dkt. No. 39 (same); Pizzuto v. Homology Meds., Inc., No. 2:22-cv-01968-FLA-JPR (C.D. Cal.), Dkt. No. 38 (same); Deputy v. Akebia Therapeutics, Inc. et al., No. 1:22-cv-01411-AMD-VMS (E.D.N.Y.), ECF Order on June 28, 2022 (same); Zhou v. Faraday Future Intelligent Elec. Inc. et al., No. 2:21-cv-09914-CAS- JC (C.D. Cal.), Dkt. No. 33 (same); Terenzini v. GoodRx Holdings, Inc. et al., No. 2:20-cv-11444-DOC-PD (C.D. Cal.), Dkt. No. 65 (same); In re Facebook, Inc. Sec. Litig., No. 5:18-cv-01725-EJD (N.D. Cal.), Dkt. No. 56 (same);

WHEREAS, having reviewed one another's submissions to the Court, Foote, Cognetti, and Hopwood believe that it is in the best interests of the Class for each of them to serve as co-lead Plaintiffs and for their respective selections of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Pomerantz LLP ("Pomerantz") to serve as co-lead Counsel;

**IT IS HEREBY STIPULATED AND AGREED** as follows:

1.    Every  pleading  in  this  Action  shall  bear  the following Caption:

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| **IN RE HUMACYTE, INC.** **SECURITIES LITIGATION** | **Case No. 1:24-cv-00954-WO-JEP** |
| **THIS DOCUMENT RELATES TO:** | <u>**CLASS ACTION**</u> |
| | **[TITLE OF DOCUMENT]** |

2.    When  the  document  being  filed  pertains  to  all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:".  When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action;

- 6 -

**IT IS THEREFORE ORDERED** that the Motion of Frederick Foote to Appoint Lead Plaintiff and Approve Selection of Lead Counsel, (Doc. 11), is **GRANTED,** Notice of Motion and Motion of Matthew Cognetti and Damion Hopwood for Appointment as Co-lead Plaintiffs and Approval of Selection of Counsel, (Doc. 14), is **GRANTED** and Foote, Cognetti, and Hopwood are hereby **APPOINTED** co-lead Plaintiffs in the Action and any subsequently filed or transferred actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

**IT IS FURTHER ORDERED** that co-lead Plaintiffs' selections of Hagens Berman and Pomerantz as co-lead Counsel is **APPROVED**.[1]

This the 31st day of January, 2025.

_____
United States District Judge

---

[1] The court notes that Defendants have not responded to motions to appoint lead plaintiffs and lead counsel. However, the Plaintiffs and Defendants appear to have stipulated that Defendants' obligation to respond to the Complaint is deferred to a time after this order is entered, and following entry of this order, Plaintiffs and Defendants will not meet to address the filing of an amended complaint, Defendants' response, and suspending LR 23.1(b) pending order of this court. (Doc. 6 at 3-4; Doc. 19.) The order is entered in reliance upon and in furtherance of the argument between Plaintiffs and Defendants.