IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE HUMACYTE, INC. SECURITIES LITIGATION | Case No. 1:24-cv-954-TDS-JEP |
| This Document Relates to: | <u>CLASS ACTION</u> |
| ALL ACTIONS | |

**<u>DEFENDANTS' CONSENT MOTION TO EXPAND WORD-COUNT LIMITS
FOR BRIEFING ON MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>**

Pursuant to Local Rule 7.3(d)(1), Defendants Humacyte, Inc. ("Humacyte"), Laura E. Niklason, Dale A. Sander, and Heather Prichard (collectively, "Defendants") respectfully ask the Court for an order to increase the word-count limitation for briefing on their motion to dismiss Plaintiffs Frederick Foote, Mathew Cognetti, and Damion Hopwood's ("Plaintiffs," and together with Defendants, the "Parties") First Amended Class Action Complaint For Violations of The Federal Securities Laws (the "First Amended Complaint") (ECF 37). In support of their motion, Defendants state the following:

1. The initial complaint in this matter was filed on November 18, 2024 (ECF 1). On January 31, 2025, the Court appointed Plaintiffs as co-lead Plaintiffs (ECF 21), and on February 19, 2025, the Court ordered Plaintiffs to file a consolidated amended complaint no later than April 24, 2025 (ECF 28).

2. On May 22, 2025, Plaintiffs filed a 170-page First Amended Complaint (ECF 34).[1] The First Amended Complaint proposes a class period of over nineteen months (ECF 37, ¶ 2) and alleges purported misrepresentations and omissions concerning three topics: the "Product Safety" of Humacyte's lead product Symvess, Humacyte's manufacturing "Facility," and Humacyte's financial "Liquidity" (ECF 37, ¶ 4).

3. Defendants dispute these allegations and intend to move to dismiss the First Amended Complaint in its entirety for failure to state a claim. Given the volume and complexity of the allegations in the First Amended Complaint, Defendants anticipate that the motion to dismiss will require commensurately substantial briefing by both Parties.

4. Under Local Rule 7.3(d)(1), briefs in support of motions and response briefs are allowed a maximum of 6,250 words and reply briefs are allowed a maximum of 3,125 words, "[e]xcept with the Court's prior permission." Defendants seek such permission to extend the word-count limitation for Defendants' brief in support of their motion to dismiss and Plaintiffs' response brief to 10,000 words, and Defendants' reply brief to 5,000 words. Defendants believe that this extension will allow the Parties to adequately—though still concisely—address the claims in the First Amended Complaint.

5. Counsel for the Defendants and Plaintiffs have conferred regarding the relief requested in this Motion and Plaintiffs have consented, subject to their reservation of rights to request further adjustments if circumstances warrant.

---

[1] With the Court's permission (ECF 36), Plaintiffs subsequently filed a corrected First Amended Complaint on June 6, 2025 (ECF 37).

For these foregoing reasons, Defendants respectfully request that the word-count limitation for Defendants' brief in support of their motion to dismiss the First Amended Complaint and Plaintiffs' response brief be extended to 10,000 words, and the word-count limitation for Defendants' reply brief be extended to 5,000 words.

This the 17th day of June, 2025.

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

*/s/ Clifton L. Brinson*
Clifton L. Brinson
N.C. State Bar No. 34331
Mary Stewart Wilson
N.C. State Bar No. 61169
P.O. Box 2611
Raleigh, NC 27602-2611
Ph: (919) 821-1220
Fax: (919) 821-6800
cbrinson@smithlaw.com
mswilson@smithlaw.com

COVINGTON & BURLING LLP

Mark P. Gimbel
*(Specially Appearing)*
N.Y. State Bar No. 2998102
James H. Fitch
*(Specially Appearing)*
N.Y. State Bar No. 6150411
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Ph: (212) 841-1000
mgimbel@cov.com
jhfitch@cov.com

*Attorneys for Defendant*

3